UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>HECTOR SALAZAR RUBIO<br><br>    Defendant-Petititioner. | Civil No. 05-CV-344-L<br>Criminal No. 02-CR-2860-L<br><br>**ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255** |

    Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. Section 2255 to vacate, set aside or correct sentence ("petition")

    January 7, 2003, defendant pleaded guilty to Count Two of the Indictment: bringing in illegal aliens without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii), a Class C felony. The plea agreement was memorialized in writing and a plea colloquy was placed on the record. Defendant was sentenced on May 12, 2003.  His sentence included ten months in custody followed by supervised release for three years.

    A warrant for an Order to Show Cause was issued for defendant alleging that he was unsuccessfully terminated from Correctional Alternatives, Inc. For consuming alcohol and being unaccountable for 42.5 hours.  On November 15, 2004, defendant admitted to having violated the terms of his supervised release.  Defendant's supervised release was revoked and he was sentenced to seven months and 12 days of custody, to be followed by 28 months of supervised

1 release. Defendant has never filed a notice of appeal.

2 Defendant attacks his sentence imposed following the revocation of his supervised release
3 contending that 18 U.S.C. § 3583 in facially unconstitutional. Defendant argues that the Court
4 impermissibly made findings of relevant sentencing factors not charged in the indictment, not
5 admitted by Rubio, and not found by a jury beyond a reasonable doubt.

### Waiver of Right to Appeal or Collaterally Attack Sentence

7 The government contends defendant has waived his right to collaterally attack his
8 sentence because of the written plea agreement. The plea agreement provides:

> In exchange for the United States' concessions in this plea agreement, Defendant waives to the full extent of the law, any right to appeal or **to collaterally attack** the conviction and sentence, including any restitution order, unless the Court imposes a sentence in excess of the high end of the guideline range based on an adjusted level of 11[1]. . . .

12 (Exh. A at 7(emphasis added), Government's Response).

13 The Court has independently reviewed the record which indicates that the plea agreement,
14 including the waiver of the right to appeal, was entered knowingly and voluntarily, *see United*
15 *States v. Aguilar-Muniz,* 156 F.3d 974, 976 (9th Cir.1998) (waiver of right to appeal is valid if knowing
16 and voluntary). The Court also finds that petitioner's motion raises no challenge to the validity of the
17 waiver; therefore, the Court lacks jurisdiction to consider any collateral challenge to his sentence. *See*
18 *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005)(recognizing that if sentencing agreement's
19 waiver fo tthe right to file a federal habeas petition is valid, district court lacks jurisdiction to hear the
20 case.

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .

---

[1] The sentence imposed was consistent with the plea agreement's stipulations regarding the sentencing guidelines. Moreover, defendant did not contest the allegations that he violated supervised release.

1  Based on the foregoing, **IT IS ORDERED** dismissing petitioner's motion to vacate, set
2  aside or correct sentence under 28 U.S.C. § 2255.
3  **IT IS SO ORDERED.**

5  DATED: January 26, 2007

6  _____
7  M. James Lorenz
   United States District Court Judge

11 COPY TO:
12 ALL PARTIES/COUNSEL